# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMRO ELANSARI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-6198 |
| | : | |
| SHAY O. RAMIREZ, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                             **January 6, 2020**

Amro Elansari's most recent *pro se* initiative before us involves suing his local police for not prosecuting an Oregonian for conduct relating to their efforts to build a website for an internet-based game. He also sues the Oregonian and Paypal, Inc. for $44,000 for violating Pennsylvania criminal statutes. As he does in every one of his cases dismissed as frivolous,[1] he again moves for leave to proceed *in forma pauperis* because he cannot afford to both sue and pay his monthly rent and food based on a $1200 monthly income.[2] Solely because he swears to qualifying for pauper status, we grant Mr. Elansari leave to proceed *in forma pauperis*, we dismiss his Complaint as legally frivolous as can not sue the police for deciding not to prosecute over a civil dispute involving a failed joint effort to develop a video game, and then sue the Oregonian and Paypal for $44,000 for violating Pennsylvania criminal statutes.

**I. Alleged *pro se* facts.**

Pennsylvanian Amro Elansari had an idea for an internet-based video game. He met Shay Ramirez, who lives in Oregon, online and paid him to develop certain aspects of the game. Mr. Elansari purchased a domain name in connection with this project and gave Mr. Ramirez access to the website. He paid Mr. Ramirez no more than $110 for his services. [3]Mr. Elansari alleges Mr.

Ramirez "kept swindeling [sic]" him by asking for more money, which Mr. Elansari paid because he wanted the project to be completed.[4]

Mr. Ramirez completed the project but then told Mr. Elansari he quit, all the files had been deleted, and he needed more money. Mr. Elansari refused to pay more money, so Mr. Ramirez wiped the server containing the information for the game and replaced the content of the game's website with "curse words and content not relevant to the website."[5]

Mr. Elansari alleges Mr. Ramirez's conduct violates Pennsylvania's criminal laws and reported Mr. Ramirez to the police in Eugene, Oregon. Mr. Elansari learned he would have to file a police report through Pennsylvania authorities for action to be taken. Mr. Elansari then spoke with an officer of the West Goshen Police Department in Pennsylvania but was told his dispute with Mr. Ramirez was a civil matter and the police would not be acting.[6]

Figuring he can file here without paying the fees required by every other citizen because he swears to be a pauper, Mr. Elansari sued Mr. Ramirez, the West Goshen Police and two of its officers (Officer Riley and Lt. Carrol), and Paypal, Inc. As best as we can discern, Mr. Elansari made payments to Mr. Ramirez using Paypal. He asserts civil rights claims against the West Goshen Police and its officers for failure to protect and claims against Mr. Ramirez and Paypal for violation of Pennsylvania criminal law.[7] Mr. Elansari seeks compensatory and punitive damages, as well as injunctive relief "in the form of having [his] website restored to the status it was prior to the unauthorized disruption."[8] He also wants Mr. Ramirez to be prosecuted for his alleged crimes.[9]

## II. Analysis.

We grant Mr. Elansari leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action. Under 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss his

2

Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[10] and is legally baseless if it is "based on an indisputably meritless legal theory."[11] As Mr. Elansari is proceeding *pro se,* we construe his allegations liberally.[12]

### A. We dismiss federal claims against West Goshen Police and officers.

Mr. Elansari sues his local police under our civil rights laws for deciding not to prosecute Mr. Ramirez. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[13] Mr. Elansari is essentially asserting a due process claim based on a theory the police failed to protect him from Mr. Ramirez or their failure to prosecute Mr. Ramirez constitutes a state-created danger. "As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."[14]

Further, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."[15] In other words, "there is no constitutional right to the investigation or prosecution of another."[16] There is no possible legal basis for Mr. Elansari's claims against the West Goshen Police and its officers based on his private dispute with Mr. Ramirez.

### B. We dismiss Pennsylvania criminal statutory claims against Mr. Ramirez and Paypal.

Mr. Elansari's claims against Mr. Ramirez and Paypal are based on two Pennsylvania criminal statutes, 18 Pa. Cons. Stat. §§ 7611, which criminalizes unlawful use of a computer, and 18 Pa. Cons. Stat. § 7612, which criminalizes attacking a computer network to disrupt service.

3

Criminal statutes generally do not provide a basis for civil liability.[17] "To determine whether the statute implies a private right of action, [courts] . . . determine 1) whether [the plaintiff is] among the class for whose *especial* benefit the statute was enacted; 2) whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny it; and 3) whether such a remedy is consistent with the underlying purposes of the legislative scheme to imply such a remedy."[18] Mr. Elansari's conclusion the conduct violated the criminal statutes do not place him among the class for whose special benefit the statutes were enacted.[19] There is also no private cause of action for theft crimes under Pennsylvania law.[20] There is no legal basis for Mr. Elansari's claims against Mr. Ramirez and Paypal and we dismiss them as frivolous.[21]

## III. Conclusion.

We grant Mr. Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous with prejudice because amendment would be futile.

---

[1] Including today's case, Mr. Elansari has filed ten cases in this Court since September 2018, with seven in the past six months. *See Elansari v. Phila. Municipal Ct.*, No. 19-6197 (filed the same day as this case); *Elansari v. Ruest*, No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening); *Elansari v. Altria*, No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening); *Elansari v. Jagex, Inc.*, No. 19-3006 (dismissed on screening); *Elansari v. Passhe*, No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, No. 19-3003 (dismissed on screening for lack of jurisdiction); *Elansari v. Savage*, No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, No. 19-786 (dismissed on screening); *Elansari v. Golf Club Apartments*, No. 18-4171 (dismissed for failure to prosecute).

[2] ECF Doc. No. 1. We are skeptical of Mr. Elansari's sworn pauper status. Given he cannot state a claim, we will not further examine his financials in this case. We are concerned his vexatious litigation tactics only burden the limited resources of public servants as he has yet to state a claim before us which is not dismissed as frivolous. But we will need to do so in future cases given his admission of being unable to "afford" litigation given his rent and food expense on a $1200 a month income as a writer. We may seek further data in further efforts to burden our taxpayers with frivolous claims.

[3] ECF Doc. No. 2 at 6-7.

[4] *Id* at 7.

4

[5] *Id.*

[6] *Id.* at 8.

[7] *Id.* at 8-9 & 12; *See* 18 Pa. Cons. Stat. §§ 7611-7612.

[8] *Id.* at 10-11 & 16.

[9] *Id.* at 16.

[10] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[11] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[12] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).

[15] *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

[16] *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (per curiam).

[17] *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.].").

[18] *D'Errico v. DeFazio*, 763 A.2d 424, 429 (Pa. Super. Ct. 2000).

[19] *Id.* at 430 ("To find that the statute was enacted for [a plaintiff's] especial benefit, however, because . . . [a defendant allegedly engaged in conduct violating the statute] would be to imply a private right of action in all criminal statutes and for all victims of crime.").

[20] *See Bullock v. Bimbo Bakeries USA Inc.*, 414 F. App'x 470, 473 (3d Cir. 2011) (per curiam).

[21] Paypal has not engaged in conduct plausibly giving rise to a basis for a claim against it under state or federal law. The only reason Mr. Elansari sued Paypal is because he paid Mr. Ramirez using a Paypal account. This transaction does not support liability as plead.